## Dickel Estate

*William B. Koch*, for trustees.

HOLLAND, P. J., March 3, 1953.—By adjudication of this court, which became final June 21, 1952, and the schedule of distribution filed in pursuance thereof, the property allocated to the trust for Katherine D. Sharp in the schedule was awarded to Katherine D. Sharp and Agnes Kurtz Dickel, trustees for Katherine D. Sharp. In pursuance of his appointment in the adjudication, the examiner, Richard S. Lowe, Esq., made his examination and filed his report, which is now before the court for approval as to possession only by the trustees.

He reports that the assets, as shown by the schedule, were in the possession of the nominee of the trustees with some exceptions which are explained and are proper, such as sales and replacements. Were these assets in the possession of the trustees or in the possession of their nominee, such as is allowed by law, the court could approve the report as to possession by the trustees. Such is not the case. The report discloses that the assets are in the possession of Thayer, Baker & Company, an investment firm, and that all the stock share certificates are in the name of McCurdy

& Company, the nominee of Thayer, Baker & Company. This is not the possession of the trustees and cannot be approved as such, and is illegal.

Section 943(c) of the Fiduciaries Act of April 18, 1949, P. L. 512, provides:

"*Corporate Fiduciary as Attorney-in-Fact.*
An individual trustee may employ a bank and trust company or a trust company incorporated in the Commonwealth, or a national bank with trust powers having its principal office in the Commonwealth, to act as his attorney-in-fact in the performance of ministerial duties, including the safe-keeping of trust assets, and such attorney-in-fact, when so acting, may be authorized to hold such investments in the name of its nominee to the same extent and subject to the same requirements that such attorney-in-fact, if it were the trustee, would be authorized to hold such investments in the name of its nominee."

The law, therefore, has designated the class of institutions that can act for an individual trustee in the care, management, and administration of a trust. An investment firm is not among this class. Approval of the report must therefore be refused. The trustees should repossess themselves of these assets or take advantage of section 943(c) if they desire the assistance that that section of the Fiduciaries Act of 1949 affords, otherwise they may incur serious consequences.

And now, March 3, 1953, approval of the report as to possession by the trustees is suspended until they comply with the law as hereinabove indicated. The examiner is directed to give notice of this decree and opinion to the trustees or their counsel, together with a copy of the same which is being furnished by the court.